[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence : June 26, 1992 Date of Application : June 27, 1992 Date Application Filed : June 30, 1992 Date of Decision : March 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, Docket No. CR91-407724;
Kenneth W. Simon, Esq., Defense Counsel, for Petitioner.
John Dropick, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division: CT Page 3653
The petitioner entered pleas of guilty and was sentenced as follows:
 1. Attempt to Commit Murder, (C.G.S. Sec. 53a-49(a)(2), 53aa-54(a)(a).
2. Assault on a Peace Officer, (C.G.S. Sec. 53a-167c(a)(1).
 3. Carrying a Pistol Without a Permit (C.G.S. Sec. 29-35(a)).
4. Criminal Mischief, 1st degree (C.G.S. Sec. 53a-115(a)(1).
Sentence imposed — in sequence as listed above:
1. 20 years, execution suspended after 15 years.
2. 10 years, execution suspended after 5 years, consecutive.
3. 1 year, concurrent.
4. 1 year, concurrent.
 Total effective sentence: 30 years, execution suspended after 20 years, (a probationary period of 3 years was imposed).
The factual basis for these convictions is as follows:
On May 11, 1992 at approximately 4:11 A.M., the petitioner collided with a street pole. At that point he tried to commandeer a truck to flee the area, but that driver was able to run to a police cruiser that came to the scene. The petitioner approached the cruiser, broke the rear window and climbed into the rear seat of the cruiser. The officer started to drive to the police station, but the petitioner threw broken glass at him, and the officer then stopped the car. At that point the petitioner grappled with the officer for his gun, obtained control of it, shot the officer in the arm and drove off in the cruiser with the officer shooting him several times. The petitioner drove the cruiser right CT Page 3654 through the doors of the Hartford police station where he was finally subdued.
Counsel for the petitioner suggests that the sentencing Court did not give due consideration to the positive things in the petitioner's background which include college, military service and a reasonably good work history. The petitioner himself stated that his abuse of drugs distorted his thinking processes and led to this bizarre episode.
Unfortunately, the petitioner has a lengthy record of assaultive behavior as well as convictions for weapons violations, armed robbery, reckless endangerment, interfering and probation violation. This background culminated in the very serious offenses which he committed in the instant case, which include attempted murder. There is ample evidence of the petitioner's danger to others. Applying the standards to Practice Book Section 942 to the facts and circumstances of this case, the Division concludes that the sentences imposed were appropriate and proportionate. They are affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.